IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 APPRENTICE FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 POLITICAL ACTION COMMITTEE, BLOOMINGTON-NORMAL PIPING INDUSTRIAL FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 ORGANIZING FUND, UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA LOCAL UNION #99, EAST CENTRAL ILLINOIS PIPE TRADES PENSION FUND, PLUMBERS & PIPEFITTERS LOCAL UNION 149 JOINT APPRENTICESHIP COMMITTEE – EDUCATION FUND, PLUMBING, HEATING & COOLING CONTRACTORS ASSOCIATION OF CENTRAL ILLINOIS – EMPLOYER FUND, SUBSTANCE ABUSE PREVENTION CORPORATION OF EAST CENTRAL ILLINOIS, UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA LOCAL UNION #149, INTERNATIONAL TRAINING FUND, and PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. ) |
| INTEGRITY MECHANICAL SERVICE, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT**

NOW COME Plaintiffs, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, *et al*., by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, INTEGRITY MECHANICAL SERVICE, INC., and allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other payments owed to the Plaintiffs.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present one. (See, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Defendant, Integrity Mechanical Service, Inc., maintained its principal place of business in Bloomington-Normal, Illinois, which is located within the venue of the Peoria Division of the District Court for the Central District of Illinois.

5. The Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the LMRA and ERISA (as amended), 29 U.S.C. §1001 *et seq.* A copy of the pertinent provisions of the trust agreement for Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6. The East Central Illinois Pipe Trades Health & Welfare Fund is the collection agent for the other named Plaintiffs, which are employee benefit funds, labor organizations, and labor-management committees/funds established pursuant to collective bargaining agreements

between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

7. Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, receives fringe benefit contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

8. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5), (11), (12), and (14).

9. Defendant signed the Mechanical Service Contractor Application for the National Service and Maintenance Agreement and the National Service and Maintenance Agreement on January 12, 2009, which bound Defendant to the National Service & Maintenance Agreement (and its successor agreement) and the applicable residential/service Addendums that were in effect during the period of January 12, 2009 through current.[1]  The Mechanical Service Contractor Application, the signed National Service and Maintenance Agreement, the successor National Service & Maintenance Agreement, and the residential/service Addendums are respectively attached hereto and incorporated herein as **Exhibit B**, **Exhibit C**, **Exhibit D**, and **Exhibit E**.

10. The Mechanical Service Contractor Application was accepted by the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada. (See, Exhibit C).

11. Defendant never terminated the National Service and Maintenance Agreement.

---

[1] The applicable residential/service Addendums reference the National Residential Agreement, please note the National Residential Agreement became the National Service & Maintenance Agreement.

12. Defendant also signed the Local Union No. 99 Owner Participation Agreement on September 1, 2011. The Local Union No. 99 Owner Participation Agreement is attached hereto and incorporated herein as **Exhibit F**.

13. Defendant never terminated the Local Union No. 99 Owner Participation Agreement.

14. Defendant also signed the East Central Illinois Pipe Trades Health & Welfare Fund Bargaining Unit Personnel Agreement on May 10, 2011. The Bargaining Unit Personnel Agreement is attached hereto and incorporated herein as **Exhibit G**.

15. Defendant never terminated the East Central Illinois Pipe Trades Health & Welfare Fund Bargaining Unit Personnel Agreement.

16. Defendant also signed the East Central Illinois Pipe Trades Health & Welfare Fund Working Owner Participation Agreement, and Defendant was bound to the East Central Illinois Pipe Trades Health & Welfare Fund Working Owner Participation Agreement effective September 1, 2011. The Health & Welfare Fund Working Owner Participation Agreement is attached hereto and incorporated herein as **Exhibit H**.

17. Defendant never terminated the East Central Illinois Pipe Trades Health & Welfare Fund Working Owner Participation Agreement.

18. Defendant also signed the Non-Association Employers Standard Form Contract for Adoption of Agreement on April 8, 2011, and January 18, 2012, which bound Defendant to the Collective Bargaining Agreement between the Plumbing, Heating, and Cooling Contractors Association of Central Illinois and Local Union #149 (and its successor agreement). The two Non-Association Employers Standard Form Contract for Adoption of Agreements, the Collective Bargaining Agreement between the Plumbing, Heating, and Cooling Contractors

Association of Central Illinois and Local Union #149, and the successor Collective Bargaining Agreement between the Plumbing, Heating, and Cooling Contractors Association of Central Illinois and Local Union #149 are attached hereto and incorporated herein as **Exhibit I**, **Exhibit J**, **Exhibit K**, and **Exhibit L** respectively.

19. Defendant never terminated the Non-Association Employers Standard Form Contract for Adoption Agreements.

20. The Defendant employed individuals who are members of, and represented by, the Union, and said individuals are participants in Plaintiffs' employee benefit funds pursuant to the various agreements.

21. Defendant performed work within Local Union #99's jurisdiction and also within Local Union #149's jurisdiction.

22. Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. 29 §1145), the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the various agreements and Plaintiffs' trust agreements. The remaining trust agreements, in pertinent part, are attached hereto and incorporated herein as **Exhibits M** and **Exhibit N**. (See also, Exhibits A – L).

23. Defendant employed individuals during the period of September 1, 2010 through November 30, 2015, and Defendant is required to submit to Plaintiffs fringe benefit contributions and other payments/check-offs as provided for by the various agreements.

24. Pursuant to the trust agreements, Plaintiffs have the right to examine the payroll books and records of the Defendant in order to determine whether the Defendant is making full and proper payments. (See, Exhibits A, M, and N).

25. Plaintiffs examined the payroll books and records of the Defendant (*i.e.*, Plaintiffs conducted a fringe benefit compliance audit), and Plaintiffs' examination covered the period of January 1, 2009 to June 30, 2014. Plaintiffs' fringe benefit compliance audit reports are attached hereto and incorporated herein as **Exhibit O**, **Exhibit P**, **Exhibit Q**, and **Exhibit R**.

26. The audit report on behalf of the East Central Illinois Pipe Trades Health & Welfare Fund, Exhibit O, initially showed that Defendant owed $35,590.93; based upon information, Plaintiffs believe that $13,745.40 is currently owed, plus liquidated damages and interest. (See, Exhibit O).

27. The audit report on behalf of the Local Union #99 fringe benefit funds, Exhibit P, initially showed that Defendant owed $10,341.51; based upon information, Plaintiffs believe that $6,193.41 is currently owed, plus liquidated damages and interest. (See, Exhibit P).

28. The audit report on behalf of the Local Union #149 fringe benefit funds, Exhibit Q, shows that Defendant owes $2,155.77; Defendant also owes liquidated damages and interest. (See, Exhibit Q).

29. The audit report on behalf of the Plumbers & Pipefitters National Pension Fund initially showed that Defendant owed $18,420.83; based upon information, Plaintiffs believe that $3,503.42 is currently owed, plus liquidated damages and interest. (See, Exhibit R).

30. Further, Defendant failed to pay the required 160 hours per month of benefit contributions as well as the proper amount of dues to the Plumbers & Pipefitters Local Union #99 Apprentice Fund, the Plumbers & Pipefitters Local Union #99 Political Action Committee, the Bloomington-Normal Piping Industrial Fund, the International Training Fund, the Plumbers & Pipefitters Local Union #99 Organizing Fund, and Local Union #99, as provided for by the Local Union No. 99 Owner Participation Agreement during the period of July 1, 2014 through

November 30, 2015; based upon the requirements of the Local Union No. 99 Owner Participation Agreement, Defendant owes $5,769.55, plus liquidated damages and interest. (See, Exhibit F).

31.  Additionally, Defendant failed to pay the required 140 hours per month of benefit contributions to the East Central Illinois Pipe Trades Health & Welfare Fund, as provided for by the Health & Welfare Fund's Working Owner Participation Agreement during the period of July 1, 2014 through November 30, 2015; based upon the requirements of the Health & Welfare Fund's Working Owner Participation Agreement, Defendant owes $12,740.00, plus liquidated damages and interest.

32.  Defendant also owes liquidated damages and interest as a result of its failure to timely remit fringe benefit contributions for the months of September 2011, October 2011, December 2011, March 2012, April 2012, July 2012, September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, March 2013, April 2013, May 2013, June 2014, and December 2014.

33.  The foregoing shows that Defendant failed to properly and timely pay all of the required fringe benefit contributions and other payments/check-offs during the period of September 1, 2010 through November 30, 2015.

34.  Defendant breached the various agreements it signed by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs during the period of September 1, 2010 through November 30, 2015.

35.  Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions to Plaintiffs. (See, Exhibits A, M, & N).

36. Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligation to do so.

37. As a result, Defendant is considered to be delinquent in its obligations to Plaintiffs.

38. Pursuant to the trust agreements and 29 U.S.C. §1145, Defendant owes liquidated damages to Plaintiffs as a result of its failure to timely remit all of the required contributions during the period of September 1, 2010 through November 30, 2015. (See, Exhibits A, M, & N).

39. Pursuant to the trust agreements and 29 U.S.C. §1145, Defendant owes interest to Plaintiffs as a result of its failure to timely remit all of the required contributions during the period of September 1, 2010 through November 30, 2015. (See, Exhibits A, M, & N).

40. The total amount of interest owed is currently unknown given that Defendant has failed to remit some of the required contributions for the period of September 1, 2010 through November 30, 2015.

41. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*   \*   \*
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,

      (B)    interest on the unpaid contributions,

      (C)    an amount equal to the greater of –

          (i) interest on the unpaid contributions, or

          (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as May be permitted under Federal and State law) of the amount determined by the court under subparagraph (A),

      (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      (E)    such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

    (See, §1132(g)(2) of ERISA)

42. Pursuant to the trust agreements and 29 U.S.C. §1145, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses incurred by the Plaintiffs in the collection of the amounts owed.

43. Accordingly, pursuant to the various agreements, the trust agreements, and the applicable provisions of ERISA, Defendant is liable for the unpaid contributions, other payments/check-offs, liquidated damages, interest, audit costs, and the reasonable attorney's fees and costs incurred in this matter.

    WHEREFORE, Plaintiffs pray as follows:

A. That judgment be entered in favor of the Plaintiffs and against Defendant, INTEGRITY MECHANICAL SERVICES, INC., for all such monies due—including delinquent contributions, other payments/check-offs, liquidated damages, interest, audit costs, and all applicable statutory remedies, for the time period of September 1, 2010 through November 30, 2015—at the time Judgment is rendered;

B. That Defendant, INTEGRITY MECHANICAL SERVICES, INC., be decreed to pay to Plaintiffs $44,107.55 in known delinquent contributions and other payments/check-offs for the period of September 1, 2010 through November 30, 2015, plus any other fringe benefit contributions, other payments/check-offs, liquidated damages, interest, audit costs, attorney fees, and court costs found to be owing at the time judgment is rendered;

C. That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' trust agreements;

D. That Plaintiffs are awarded, at Defendant's costs, such further and other relief as may be available under ERISA, the applicable labor agreements, or as otherwise deemed just and equitable, all at Defendant's cost.

Respectfully submitted,

EAST CENTRAL ILLINOIS PIPE
TRADES HEALTH & WELFARE FUND,
*et al*.,
Plaintiffs,

By:   s/ Timothy J. Shrake II
     TIMOTHY J. SHRAKE II
     **CAVANAGH & O'HARA LLP**
     Attorneys for Plaintiffs
     2319 W. Jefferson St.
     Springfield, IL 62702
     Telephone: (217) 544-1771
     Facsimile: (217) 544-9894
     timshrake@cavanagh-ohara.com